VAN BRUNT, P. J., and BARRETT, J., concurred.

Order affirmed, with costs.

---

IN THE MATTER OF THE PROBATE OF THE ALLEGED LAST WILL, ETC., OF WILLIAM T. BLAIR, DECEASED.

60h     523
d 79 AD 544

*Probate of a will — transfer of a proceeding by the surrogate of New York to the Court of Common Pleas — power of the surrogate to appoint a temporary administrator — section 2486 of the Code of Civil Procedure, inapplicable.*

A contest having arisen, in proceedings taken in the Surrogate's Court of the county of New York, to secure the probate of a will, the surrogate, of his own motion, transferred the proceedings to the Court of Common Pleas of the city of New York, where, upon a trial of the issues, a verdict was rendered adversely to the validity of the will.

Pending an appeal from that decision an application was made to the Surrogate's Court for the appointment of a temporary administrator, which was denied by

the surrogate upon the ground that he had not power to act until the decision of the matter transferred to the Court of Common Pleas should be certified to him by that court.

*Held,* that such denial was improper.

That by such transfer the surrogate was not divested of any statutory powers, except such as by force of said transfer were expressly conferred upon said Court of Common Pleas.

That section 2486 of the Code of Civil Procedure, authorizing the Court of Common Pleas to exercise the powers of a Surrogate's Court, where a surrogate shall be disqualified, sick or absent, had no application to such a case.

That an application for the appointment of a temporary administrator was no part of the proceeding for the probate of a will, but was an independent proceeding authorized by section 2668 of the Code of Civil Procedure.

That the provision of section 2547 of the Code to the effect that "thereafter (*i. e.,* after certification of the final decision of the Court of Common Pleas) all proceedings relating to the will, and to the estate of the decedent, shall be had in the Surrogate's Court," did not, by implication, forbid the Surrogate's Court, pending such final decision in said Court of Common Pleas, from preserving the decedent's estate by means of the appointment of a temporary administrator.

APPEAL of the infant contestant, Sarah Catharine Blair, by Edward T. Wood, her special guardian, from an order, entered in the office of the surrogate of the city and county of New York on the 22d day of May, 1891, denying her motion made by said special guardian for the appointment of a temporary administrator of the estate of William T. Blair, deceased.

*Edward T. Wood,* for Sarah Catherine Blair, an infant, appellant.

*Benjamin Wright,* for the executors, proponents and respondents.

BARRETT, J. :

The facts upon which the question of law presented for our consideration depends are correctly and tersely stated by the respondents as follows :

"The probate of the paper propounded in this proceeding as the will of William T. Blair, deceased, was opposed by the infant contestant herein, and in December, 1890, upon his own motion, the surrogate transferred the proceeding to the Court of Common Pleas. Upon the trial of the issues in that court a verdict was rendered adverse to the validity of the will. Pending appeal, an application to the Surrogate's Court was made by the contestant for the appointment of a temporary administrator. The surrogate decided that a

proper case was made out for such appointment, but concurred in the respondents' contention that in the present situation the Surrogate's Court had no power to take any step in the proceeding whatever, and accordingly denied contestant's motion. From this order the contestant appeals; the only question now in dispute is whether the Surrogate's Court has power to take any steps in the litigation until the proceedings in the Common Pleas have been finally certified back to the Surrogate's Court."

We think the surrogate was not, by the transfer in question, divested of any of the powers conferred upon him by statute except such powers as by force of the transfer were expressly conferred upon the Court of Common Pleas. He could doubtless no longer try the issues of fact arising in the special proceeding for the probate of the will. That power, by force of his order of transfer, at once became vested in the Court of Common Pleas. But that power alone was transferred, and that power alone became so vested. The transfer of such other powers as are vested by law in the Surrogate's Court, and are not necessary to the due execution of the power transferred, cannot be implied. Thus the authority of the Court of Common Pleas, by force of the order of transfer, is limited to the trial of the issues of fact, and to certain appellate proceedings which may follow. The only implied power is that which is necessary to secure a proper and adequate trial of the issues of fact, and a proper and adequate hearing thereafter of the appellate proceedings provided for. The authority of the Court of Common Pleas under the order of transfer ends when it finally certifies to the Surrogate's Court the verdict upon the issues of fact. If the verdict sustains the will, the latter court may then admit it to probate. The Court of Common Pleas is nowhere authorized by section 2547 to perform that function. There are provisions of the Code (§ 2486) authorizing the Court of Common Pleas in certain cases to exercise all the powers and jurisdiction of the Surrogate's Court — as where the surrogate is precluded or disqualified from acting, or where the office is vacant, or the surrogate is disabled by sickness, absence or lunacy. But this jurisdiction must not be confounded with the special and limited jurisdiction conferred upon the Court of Common Pleas by the transfer in question. Under this transfer, standing alone, the Court of Common

Pleas acquires none of the general statutory jurisdiction of a Surrogate's Court any more than would the Superior Court if section 2547 of the Code had specified that tribunal as the transferree. The application for the appointment of a temporary administrator is no part of the proceeding for the probate of the will. It is an independent proceeding for the preservation of the estate (pending litigation) authorized by section 2668 of the Code of Civil Procedure, and resting in the discretion of the surrogate. That discretion may be exercised where delay necessarily occurs in the granting of letters testamentary or letters of administration, not only in consequence of a contest with regard to the probate of a will, but *for any cause whatever*. This would seem to be decisive of the present question. The respondent, however, claims that because notice of the application for temporary administration must be given " to each party to the special proceeding who has appeared " (§ 2669), it follows that such application is a mere incident to the main proceeding. This is not satisfactory reasoning. The question of notice cannot stamp the proceeding. We might as well say that a proceeding to revoke probate is a mere incident to the original proceeding for probate if all the original parties are required to be notified of the motion for revocation. They are interested in the matter, and that is all that can be said about it.

Nor is the question at all concluded by the expression in section 2547, upon which the respondent relies, that " thereafter," that is after the verdict has been finally certified by the Court of Common Pleas to the Surrogate's Court, " all proceedings relating to the will and *to the estate of the decedent* shall be had in the Surrogate's Court." The expression emphasized was plainly inserted for abundant caution. It simply affirms the natural status effected by the return of the verdict to the Surrogate's Court. And it places that court in precisely the same position as though the surrogate himself had decided the contest for probate. This and nothing more. All subsequent proceedings to effectuate the verdict are thus to be had in the court specially constituted by law for that purpose and for all other probate purposes, and that court simply continues to exercise its general statutory jurisdiction in the premises. It is quite clear that the form of the expression quoted has no bearing on the question of power, pending the trial

of the issues of fact, to preserve the estate by applying the provisions of law with regard to temporary administration. We think, therefore, that the learned surrogate had full power to exercise the discretion conferred upon him by section 2668, with regard to temporary administration, and that, upon the facts presented, he should, as is conceded, have exercised that discretion in favor of the application.

It follows that the order appealed from should be reversed, with costs, and the application remitted to the surrogate for the due exercise of his discretion as to the appointment of one or more competent persons to whom letters of temporary administration should be granted.

VAN BRUNT, P. J., and PATTERSON, J., concurred.

Order reversed, with costs, and the application remitted to the surrogate for the purpose stated in the opinion.