---

(79 App. Div. 541.)

### In re MURPHY'S WILL.

(Supreme Court, Appellate Division, Fourth Department. January 27, 1903.)

1. APPEAL—EFFECT—JURISDICTION BELOW.

Code Civ. Proc. § 2586, relating to appeals in surrogates' courts, provides that "where an appeal is taken upon the facts the Appellate Court has the same power to decide the question of fact which the surrogate had; and it may in its discretion, receive further testimony or documentary evidence, and appoint a referee." Section 2587 provides that "the Appellate Court may reverse, affirm or modify, the decree or order appealed from, * * * and it may, if necessary or proper, grant a new trial or hearing, etc." Section 2588 declares that "where the reversal or modification of a decree by the Appellate Court is founded upon a question of fact, the Appellate Court must, if the appeal was taken from a decree made upon a petition to admit a will to probate, or to revoke the probate of a will, make an order directing the trial by a jury, of the material questions of fact. * * * After the trial, a new trial may be granted, as prescribed in section 2548 of this act." Section 2585 prescribes that "in the Appellate Division * * * the order made upon an appeal from a decree or an order of a surrogate's court must be entered with the clerk * * * and a certified copy thereof annexed to the papers transmitted to the court from which

the appeal was taken, and the court below shall enter the judgment or order necessary to carry the determination of the Appellate Division into effect." *Held*, that by appeal from the decree in a proceeding for the probate of a will, or to revoke such probate, the cause is removed into the Appellate Division, and while it is pending there, and until the matter is finally remitted to the surrogate, the Appellate Division has exclusive jurisdiction, and an application for a rehearing on the questions raised cannot be made to the surrogate.

Appeal from Surrogate's Court, Monroe County.

In the matter of the probate of the alleged last will and testament of Julia Murphy, deceased. From an order made by the Surrogate's Court of Monroe county, entered May 29, 1902, opening a decree entered July 18, 1898, admitting the will to probate, and directing a new hearing as to fraud in procuring the alleged execution of the will, various persons interested in the estate, under the alleged will, appeal. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and NASH, JJ.

John Van Voorhis & Sons, William H. Shaffer, and William N. Cogswell, for appellants.

Herbert L. Ward and Richard E. White, for respondents.

WILLIAMS, J. The order should be reversed, with costs, for want of power in the Surrogate's Court to entertain the motion or to make the order. The matter of the probate of the alleged will had been removed by appeal to the Appellate Division of the Supreme Court, was still pending therein, and had never been remitted to the Surrogate's Court. Julia Murphy died July 14, 1898. The alleged will was admitted to probate by decree of the Surrogate's Court entered July 18, 1898. Thereafter, by decree entered January 20, 1899, the Surrogate's Court revoked its former decree admitting the will to probate, and refused to admit the will to probate, on the ground that it was not sufficiently proved to be the last will of the deceased, and that she was incompetent to make it, and was unduly influenced. An appeal was taken from this latter decree to the Appellate Division of the Supreme Court, where a decision was made May 24, 1899, and amended June 9, 1899, reversing the decree appealed from upon questions of fact, and directing the trial by a jury at the Monroe trial term of questions of fact as to the competency of the deceased and undue influence. A trial of these questions was had November 16 and 17, 1899, and by direction of the court the jury found the deceased was competent, and there was no undue influence. A motion for a new trial was made, and it was ordered that the exceptions be heard in the first instance by the Appellate Division, and that judgment be suspended in the meantime. A case and exceptions was to be made and settled, but nothing further has been done in the Supreme Court in the matter. November 26, 1901, papers were served, with notice of a motion in Surrogate's Court, for the relief granted by the order appealed from. These papers tended to show that the will in question was not made by the deceased, but by one Winneford Naulty, who personated the deceased. The mo-

tion was entertained, and the order made from which this appeal is taken.

The determination of this appeal involves a construction of various provisions of the Code of Civil Procedure as to the probate of wills and the proper practice thereunder.

Section 2586 provides:

"Where an appeal is taken upon the facts the Appellate Court has the same power to decide the question of fact which the Surrogate had; and it may, in its discretion, receive further testimony or documentary evidence, and appoint a referee."

Section 2587 provides:

"The Appellate Court may reverse, affirm or modify, the decree or order appealed from, and each intermediate order, specified in the notice of appeal, which it is authorized by law to review, and as to any or all the parties; and it may, if necessary or proper, grant a new trial or hearing, etc."

Section 2588 provides:

"Where the reversal or modification of a decree by the Appellate Court is founded upon a question of fact, the Appellate Court must, if the appeal was taken from a decree made upon a petition to admit a will to probate, or to revoke the probate of a will, make an order directing the trial by a jury, of the material questions of fact, arising from the issues between the parties. Such an order must state, distinctly and plainly, the questions of fact to be tried, and must direct the trial to take place, either at a trial term of the Supreme Court, specified in the order; or in the county court of the county of the surrogate. After the trial, a new trial may be granted, as prescribed in section 2548 of this act."

Section 2585 provides:

"In the Appellate Division of the Supreme Court the order made upon an appeal from a decree or an order of a surrogate's court must be entered with the clerk of the Appellate Division, and a certified copy thereof annexed to the papers transmitted to the court from which the appeal was taken, and the court below shall enter the judgment or order necessary to carry the determination of the Appellate Division into effect."

Under these provisions, a proceeding for the probate of a will or the revocation of such probate, by an appeal from the decree in such proceeding, is removed into the Appellate Division. The decree covers the whole question whether a will shall be admitted to probate. There can be no separation of the matter, having a part in the Surrogate's Court. The Appellate Division is given power to deal with the whole matter, even to granting a new hearing, which the surrogate here has assumed to grant. The Surrogate's Court cannot interfere and assume to act at all in the matter of the probate while it is in the Appellate Division, because the latter court has all the power of the Surrogate's Court, and when its work is finished, and it remits its action and decision to the Surrogate's Court, the latter court must make the decree or order directed by the Appellate Division—can do nothing else—and that decree or order settles the whole matter. Nothing the surrogate might do while the matter was before the Appellate Division could interfere with the decree directed by the Appellate Division to be entered. The only proper construction of these provisions of the Code, therefore, is that, while the matter of probate is in the Appellate Division, and until its work is finished and

the matter is finally remitted to the Surrogate's Court, exclusive juris-diction of the question is in the Appellate Division, and the Surrogate's Court has no authority in the premises. This was the construction given to these provisions by the Appellate Division, First Depart-ment, in Matter of Patterson, 63 Hun, 529–531, 18 N. Y. Supp. 499, and seems to be the only construction permissible. Matter of Blair, 60 Hun, 523, 15 N. Y. Supp. 212, has no application to this question. The issues there were sent to the Court of Common Pleas for trial by order of the Surrogate's Court, under sections 2547, 2548, of the Code, and the sections here in question have no application to the trial of issues directed by the Surrogate's Court itself. Under sections 2547, 2548, the only authority given to the court to which the questions of fact are sent is to try those questions and certify the result to the Surrogate's Court. No authority is conferred upon the court to ex-ercise the powers of the Surrogate's Court, as in the case of an appeal to the Appellate Division from a decree made by the Surrogate's Court. More than that, the application in the Blair Case, which was for the appointment of a temporary administrator, was no part of the proceeding for the probate of the will, as was held in that case. Such an application would be proper here. The surrogate would have power to entertain such a motion. It is only the matter of the probate of the will that was transferred to the Appellate Division, and no decision on such appeal could relate to the question of temporary administrator. The case of Henry v. Allen, 147 N. Y. 346, 41 N. E. 694, has no application to this question. The Court of Appeals has none of the powers of the courts of original jurisdiction. It can hear no motion and pass upon no questions of fact, as the trial court can. Its powers are confined to passing upon such questions of law as are presented to it which have arisen in the lower courts.

It is suggested that the decision of the Appellate Division had been remitted to the Surrogate's Court before this motion was made. Its final decision had not been, and has not yet been, so remitted, and cannot be, so as to enable the surrogate to act upon the same until the trial of the issue sent to the jury is completed. Section 2585 re-quires the Surrogate to enter the order or judgment necessary to carry the determination of the Appellate Division into effect. That cannot be done until the questions of fact relating to the execution of the will submitted to the jury are finally settled. The section re-fers to the final decision of this court.

The result of the views hereinbefore expressed is that the applica-tion for a rehearing on questions cannot be made in Surrogate's Court while the probate proceedings remain undetermined in this court. It can apparently be made here under the sections of the Code quoted. We have no doubt it can be made in the Surrogate's Court after the proceeding is finally remitted to that court. We do not pass upon the merits of the application.

The order here appealed from should be reversed, with $10 costs and disbursements to be paid by the respondent to the appellant King, as administrator, etc. Only one bill of costs is allowed, because the question is new. All concur.