STEEN *v.* SPRINGFIELD.

Opinion delivered June 14, 1909.

1.  WILLS—REMOVAL OF EXECUTOR PENDING CONTEST.—Under Kirby's Digest, § 13, providing that, if the validity of any will be contested, letters of administration shall be granted during the time of such contest to some other person, who shall take charge of the property and administer the same, etc., the power to appoint a temporary administrator during the contest of a will does not follow the contest into the circuit court on appeal. (Page 75.)

2.  APPEAL AND ERROR—FINAL ORDER.—An order of the circuit court revoking letters testamentary and appointing a temporary administrator during the pendency of a will contest is appealable. (Page 75.)

3.  WILLS—REMOVAL OF EXECUTOR PENDING CONTEST.—Kirby's Digest, § 13, providing for the appointment of a temporary administrator during a will contest, does not contemplate that letters testamentary which have been granted under a will shall be revoked upon a subsequent contest of the will, but only that a temporary administrator shall be appointed to take charge of and preserve the estate until the will can be admitted to probate and letters testamentary be issued to the executor if qualified. (Page 75.)

Appeal from Pulaski Circuit Court, Second Division; *James H. Stevenson,* Judge; reversed.

*John W. Blackwood* and *John H. Cherry,* for appellant.

*Marshall & Coffman, M. B. Rose, Miles & Wade* and *John D. Shackleford,* for appellees.

McCULLOCH, C. J.   An instrument of writing, purporting to be the last will and testament of J. P. Steen, deceased, executed and attested in due form, was filed and presented for probate to the probate court of Pulaski County.   Appellant, Wm. E. Steen, the proponent of the will, is named therein as executor.   Appellees, claiming to be collateral heirs of said decedent, appeared to contest the will, and the contest was heard by the probate court on September 15, 1908, and judgment was rendered admitting the will to probate.   No letters testamentary or of administration on the estate of said decedent had, up to that time, been issued; but in the judgment admitting the will to probate letters testamentary were granted to the appellant.   Bond was duly executed in double the estimated value of the estate as required by statute, and letters were issued pursuant to the judgment of the court.

On October 6, 1908, the appellees filed in the probate court their affidavit for appeal to the circuit court from the judgment admitting the will to probate and granting letters testamentary to appellant. The appeal was subsequently granted by the court, and a transcript of the record in the contest proceedings was duly filed in the circuit court.

Mrs. Kate Chittim, one of the appellees, claimed under another will, and she filed a separate contest, and also took a separate appeal to the circuit court. On March 10, 1909, the appellees joined in a petition to the circuit court for a revocation of the letters testamentary issued to appellant, and for the appointment of some other person to administer the estate pending the contest. Appellant filed his response, resisting the prayer; but the circuit court granted the prayer of the petition, and ordered the appointment of the Union Trust Company as administrator of said estate pending the contest. From this order the proponent and executor took an appeal to this court, and now moves the court for an order of supersedeas, staying the judgment of the circuit court appointing an administrator.

Inasmuch as the question of appellant's right to a supersedeas is necessarily decisive of the merits of the appeal, and practically ends this controversy, we have concluded to decide the whole controversy now as to the right to administer during the pendency of the contest over the will.

The statutes which bear on the point in controversy, being sections of the Revised Statutes of 1838, are as follows:

"Sec. 10. After the probate of any will, letters testamentary shall be granted to the person therein appointed executor, if qualified."

"Sec. 13. If the validity of any will be contested, or the executor be a minor, or absent from the State, letters of administration shall be granted during the time of such contest, minority or absence to some other person, who shall take charge of the property and administer the same, according to law under the direction of the court, and account for, pay and deliver all moneys and property of the estate to the executor or regular administrator, when qualified to act."

"Sec. 36. If any will be proved, and letters testamentary thereon granted, and such will be afterwards set aside, the letters

testamentary shall be revoked, and letters of administration in succession granted." (Secs. 10, 13 and 36, Kirby's Digest.)

The first question presented is, whether or not the power to appoint a temporary administrator during the period of the contest of a will, if it exists throughout that period, follows the contest into the circuit court on appeal so as to give that court the right to exercise it; for, if it does, and the appointment is ancillary to the contest, like the appointment of a receiver pending litigation, then the order is not final but interlocutory, and cannot be appealed from. We hold that the power does not follow the contest proceedings, and that section 13 of the statute applies only to the administration proceedings in the probate court, like other provisions of the statute concerning the administration of decedent's estates. In re *Blair,* 60 Hun, 523.

It was not intended by this statute to take from the probate court any part of its original jurisdiction over the estates of decedents, but all orders under this statute must originate in that court. An order of that court, either appointing or refusing to appoint an administrator under this section, may, however, be appealed from. Appellees did appeal from the order of the probate court granting letters testamentary to appellant, as well as the order admitting the will to probate; so the question was properly before the circuit court. And the order of the circuit court revoking appellant's letters testamentary and appointing a temporary administrator was appealable.

This, then, brings us to the particular question decided by the circuit court, whether section 13 is mandatory and provides for the appointment of a temporary administrator at any time during the period of the contest of a will, or at any time after a contest arises, even after letters testamentary have already been issued to the executor named in the will.

A careful consideration of these sections of the statute in their relation to each other convinces us that they do not require the appointment of a temporary administrator to take the place of the executor during the period of the contest after the will has once been admitted to probate and letters testamentary have been issued to the executor. Any other view of the statute is based on a misconception of the purposes for which it was enacted. The design of the statute is not, as contended, to pro-

vide for the appointment of a disinterested person, instead of the executor, to take charge of the estate during the pendency of the contest. Nothing is said about the interest of the person to be appointed. The sole design is to provide for a temporary administrator to take charge of and preserve the estate until the will can be admitted to probate and letters testamentary issued to the executor, if qualified. It is merely for the protection of the estate, and not to provide for neutrality towards both contestants and the beneficiaries under the will. Under the statutes of this State, executors as well as administrators are required to act impartially toward all claimants of the estate. Executors are required to give bond in double the value of the estate for the faithful performance of their duties, even though the will of the decedent may direct otherwise. *Bankhead* v. *Hubbard,* 14 Ark. 298. They act under direction of the probate court, and are amenable to its orders at every stage of the administration. There is no provision for the granting of letters testamentary until after the probate of the will. Section 10. *Jackson* v. *Reeve,* 44 Ark. 496. Therefore, it was necessary to provide some method for the preservation of the estate, and the due progress of administration thereof, during the delay of the contest and before the will can be admitted to probate. This is provided for in section 13 of the statute.

The pendency of a contest does not disqualify, even temporarily, the executor named in the will; but the delay in admitting the will to probate prevents his appointment by the court, and may render it necessary that a temporary administrator be appointed. If the will be admitted to probate and letters testamentary granted, then there is no necessity for the appointment of a temporary administrator under section 13, even though the contest continue or is thereafter instituted. In that case the executor remains in charge of the estate under his bond until the contest finally results in setting aside the will, and then the letters testamentary are revoked. Section 36. The statute contains no express provisions for the revocation of letters testamentary, once granted, until after the will is set aside at the end of the contest, or unless the executor becomes a non-resident or "of unsound mind, or waste or mismanage the estate or act so as to endanger his co-executor." Sections 14, 37.

If section 13 of the statute be construed to mean that a temporary administrator must be appointed to take the place of the executor to whom letters testamentary have been granted, then section 36 is meaningless; for, if the former section is mandatory in requiring such appointment, it is superfluous to provide for the revocation at the end of the contest of the letters of an executor who has already been displaced. In other words, if an executor must be removed during the pendency of a contest, it is unnecessary to provide for his removal at the end of the contest. The fact that the provision with reference to the appointment of a temporary administrator in case of absence from the State or minority of the executor is placed in the same section with that having reference to the contest of the will makes the language a little obscure as applied to all three of these contingencies; but the fact that the section contains provision for all three of those emergencies renders it certain that it was intended to provide for a temporary appointment only when letters testamentary cannot be issued, *i. e.,* before the will has been probated or when the executor is absent from the State or is a minor. If the will has been probated and letters testamentary issued, then the contingency provided for in section 13 is not present.

The views we express are supported by cases decided by other courts in construing similar statutes. The Kentucky statute provides that "during the contest about the probate of a will, or when the court for any valid cause shall be delayed in granting letters testamentary or administration, it may appoint a curator to collect and preserve the estate of the decedent until probate of the will be granted or until the cause for which the order was made shall be removed." The Kentucky Court of Appeals, in *Worthington* v *Worthington's Executors,* 35 S. W. 113, speaking through Chief Justice Pryor, said: "This statute does not confer upon the county court the arbitrary power of disregarding the wishes of a testator, by appointing a curator, for the reason, alone, that the paper offered as the last will is being contested, when its probate has been granted, and no disqualification exists on the part of those named as executors."

In Texas the following statute is in force: "Pending any contest relative to the probate of a will or granting of letters of administration, whether such contest be in the county court or in

the district court, it shall be the duty of the county judge, should he deem it necessary, to appoint a temporary administrator in the manner prescribed in the preceding articles in this chapter, with such limited powers as the circumstances of the case may require; and such appointment may continue in force until the termination of the contest and the appointment of an executor or administrator with full powers." The Supreme Court of Texas, in the case of *Elwell* v. *Universalist Church,* 63 Tex. 220, construing the above statute, held that "when a permanent administrator is appointed, he administers the estate pending any contest that may in future arise concerning the will, and the court has no right, in the event of such a contingency, to revoke the permanent letters and place the estate in the hands of a temporary administrator pending the contest."

The Maryland statute on this subject reads as follows: "In all cases where the validity of a will is or shall be contested, letters of administration pending such contest may, at the discretion of the orphan's court, be granted to the person named executor, or to the person to whom the largest portion of the real estate may be bequeathed in such contested will, or to the person who would be entitled to letters of administration by law, as in cases of intestacy." . The Court of Appeals of Maryland, in *Munnikhuysen* v. *Magraw,* 35 Md. 280, speaking through Chief Justice Bartol, said: "That section applies to cases where the will has not been admitted to probate, or where letters testamentary have not been granted, or, if granted, have been revoked. Where the will has been admitted to probate, and letters testamentary actually granted, the executors have qualified, and their letters remain unrevoked, the Orphan's Court have no power to appoint an administrator *pendente lite.* The effect of such an order would be to create the greatest confusion in the administration of the estate; for there would be different and opposing parties, both clothed with the powers of administration at the same time."

The Missouri court in *State* v. *Guinotte,* 156 Mo. 513, held to the contrary view in construing a statute identical with our statute; but we cannot approve the conclusion reached by that court. In that case the will was admitted to probate in the probate court, and letters testamentary, without bond (which is authorized by the statute of that State), were issued to the execu-

trix. Subsequently suit was brought in the circuit court to contest the will. During the pendency of the contest the probate court appointed an administrator *pendente lite,* and ordered the executrix to turn over the estate to him, which was done. In the circuit court the will was admitted to probate, and the executrix applied to the probate court for reinstatement. Her application was granted, and the temporary administrator ordered to turn over the estate to her, notwithstanding an appeal was pending in the Supreme Court from the judgment of the circuit court admitting the will to probate. The Supreme Court held, on certiorari, that the tenure of the temporary administrator lasted throughout the contest, and that the order reinstating the executrix before the end of the contest was void. How far the views of the court may have been influenced in its construction of the statute by the fact that the executrix acted without bond, and that the statute authorized it, is not reflected by the opinion in the case. The presence of such a provision of the statute, authorizing an executor to act without bond, would doubtless be of some force in the construction of the other section providing for the appointment of the temporary administrator. We have no such provision in the statutes of this State and, as before stated, all executors are required to give bond.

The circuit court erred in its judgment, and the same is reversed, and the petition of appellees for appointment of a temporary administrator is dismissed.