[3] Plaintiff's counsel claims that the order to call for the goods limits the responsibility to $50 to any "piece" or "package," and that the laces consisted of many pieces, none of which is alleged to have cost more than $50, so that plaintiff would be entitled to recover. The difficulty with that proposition lies in the fact that the warehouse receipt must also be taken into consideration in this case as forming part of the contract, and that provides for a limitation of liability to $50 "for any article, together with the contents," and, furthermore, I believe plaintiff's contention to be a strained construction of the word "piece" as used by defendant, and rather should be construed to mean an individual article with separate individual identity at time of storage, and not a concealed portion contained in a whole. After reviewing the evidence in this case, which is clear in the mind of the court, and after examining the briefs of counsel, I am of the opinion that the limitation of plaintiff's recovery against the defendant to the sum of $50 was justified, and that no error was committed by the court in so doing. I repeat that I am not in sympathy with this conclusion, but I am concluded by what I believe to be controlling principles and authorities, and for that reason the motion to set aside the verdict and for a new trial is denied.

Motion denied.

(75 Misc. Rep. 33.)

### In re THOMPSON'S WILL.

(Surrogate's Court, Kings County. December, 1911.)

WILLS (§ 378*)—PROBATE—DESIGNATION OF WITNESSES—JURISDICTION OF SURROGATE.

   Code Civ. Proc. § 2618, providing for designation by surrogate of witnesses who may be material on the probate of a will, is not applicable to a trial in the Supreme Court of certain questions before a jury as to matters essential to probate, and the surrogate has no power to designate witnesses to be heard on such trial.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 844–847; Dec. Dig. § 378.*]

In the matter of the probate of the will of Robert H. Thompson, deceased. Motion for designation of material witnesses by surrogate on the probate of a will denied.

Sparks & Fuller, for the motion.
Brush & Crawford, opposed.

KETCHAM, S. The surrogate's decree refusing probate has been reversed on appeal (146 App. Div. 602, 131 N. Y. Supp. 605), and a trial in the Supreme Court, before a jury, of certain specific questions embracing the matters essential to probate, has been ordered. In preparation for such trial, and in reliance upon section 2618 of the Code of Civil Procedure, the contestant now asks the court to designate witnesses "whose testimony the surrogate is satisfied may be material."

In a case governable by the section cited the effect of such designations is that the contestant may, by notice, require the examination

of such witnesses, and that each of them must be examined, unless his testimony be dispensed with, upon proof of one or more of the grounds specified in section 2619 of the Code.  It thus results, as the courts have held, that, until all the witnesses named in such designation and notice shall have been examined or their testimony dispensed with, the will cannot be admitted to probate.

It has for years been the rule in this court that all the surrogate's witnesses, so called, shall be examined as a prerequisite to any decree, if their testimony is available under the terms of section 2619, unless their examination be waived by all parties appearing.  Though this rule receives no warrant from the statute, it is based upon the theory that the right to the examination of such witnesses is personal to each of the parties, and may therefore be surrendered.

If the surrogate were obliged to grant the present motion, he would impose upon the trial of a case in another court a method of procedure which that court could not escape or modify.  When the appeal from the decree of the surrogate was perfected, the probate proceeding was removed to the appellate court; and the jurisdiction of this court was abated until it should be restored by remittitur.  Matter of Murphy, 79 App. Div. 541, 81 N. Y. Supp. 101.  It is true that this court has received the remittitur by which it is advised of the order of reversal, under which the new trial is granted; but, in the case cited, it is held that the surrogate's powers cannot be restored by the mere transmission of the order of the Appellate Division reversing the decree and directing a new trial before a jury, but that the final decision of the Appellate Division cannot be remitted "until the trial of the issue sent to the jury is completed."

It is therefore beyond the power of the surrogate to consider this application, and the same is denied.

Application denied.