TURLEY *v.* EVINS.

Opinion delivered June 30, 1913.

1. WILLS—EXECUTORS AND ADMINISTRATORS.—Kirby's Digest, § 13, which provides for the appointment of an administrator during a contest as to the validity of a will, does not authorize the appointment of an administrator after the will has been admitted to probate. (Page 118.)

2. WILLS—CONTEST—LOST WILL.—Where a will is contested on the ground of lack of testamentary capacity, the contents of a destroyed will may be proved without establishing it as provided in Kirby's Digest, § 8062. (Page 119.)

3. WILLS—PROBATE—JUDGMENT.—Where a will has been admitted to probate, the judgment to that effect is not subject to collateral attack. (Page 119.)

4. WILLS—LOST WILL—HOW PROVED.—A lost will may be proved at a trial, although it has never been reinstated as a lost record, Kirby's Digest, § 8062, not being exclusive, but proceedings in chancery under Kirby's Digest, § § 8062 to 8065, are necessary to establish the will as an instrument devising property and vesting title. (Page 120.)

Appeal from St. Francis Circuit Court; *Hance N. Hutton,* Judge; reversed.

STATEMENT BY THE COURT.

On March 5, 1912, Dr. J. E. Stone, late of St. Francis County, made a will which was signed and witnessed in the usual form and seven days later he died, and a few days thereafter the will was filed for probate before the probate clerk of that county. On April 11, 1912, Mrs. Eula Horn filed her "protest and contest," which was shortly thereafter heard by the probate court in connection with a petition for the appointment of an administrator pending the contest. The probate court dismissed the contest, admitted the will to probate and appointed Ellis Turley administrator. The contestant, Eula Horn, prayed an appeal to the circuit court from the order admitting the will to probate, and the contestee, Lizzie M. Evins, who was named as executrix in the will, appealed to the circuit court from so much of the order as appro- prosecuted separately, but were consolidated in the circuit court and disposed of as a single case. Before per-

fecting her appeal to the circuit court, Mrs. Evins filed a formal petition, setting up the fact that the will of Doctor Stone had been admitted to probate, and that by its terms she was named as executrix, and she prayed that letters testamentary be granted her and that the appointment of Turley as administrator be revoked. The court refused to grant this petition upon the ground that Mrs. Evins had previously consented to the appointment of Turley.

In her remonstrance to the probating of the will, dated March 5, 1912, Mrs. Horn alleged: First, that on May 5, 1905, Doctor Stone had made a will in proper form at a time when he was in good health and of sound mind by which he devised to contestant the larger portion of his property. That this will was made in accordance with the desire of Mrs. Mansfield R. Stone, the wife of the testator, and contestant's sister, from whom testator had derived most of his property. Second, that the will, dated May 5, 1905, is in the possession of Mrs. Lizzie M. Evins, or that if it is not in her possession, it has been destroyed by her, or at her instance, and contestant asked that she be required to produce the will, and that upon her failure to do so, contestant be permitted to prove the contents thereof. Contestant alleged that by the terms of said will she was made the residuary legatee, after devising to other relatives small sums of money. Third, contestant says further that the paper writing, dated March 5, 1912, purporting to be the last will and testament of Doctor Stone, is not his will for the reason that it was made at a time when he was laboring under great nervousness, superinduced by a long illness, and the use of opiates and medicine to such an extent that he was incapable of understanding the force and effect of any act he might perform, and other specific allegations were made, the effect of which was to allege a lack of testamentary capacity.

In the circuit court Mrs. Evins filed a demurrer to the remonstrance of Mrs. Horn, which was sustained, and letters testamentary were ordered issued to Mrs.

Evins, and this appeal was prosecuted from that judgment by both the administrator and the contestant.

*S. H. Mann* and *J. W. Morrow*, for appellants.

1. On demurrer the allegations of the remonstrance are taken as true. Under section 8032 Mrs. Evins should have been summoned to produce the prior will.

2. Sections 8062 to 8065, Kirby's Dig., and section 8032, are not in conflict, and Mrs. Evins should have denied the allegation of having or produced the will.

3. Turley was improperly removed as administrator. Mrs. Evins, if eligible, is estopped to assert her rights. 16 Cyc. 798; 90 Ark. 439.

*Walter Gorman*, for appellee.

1. The remonstrance states no cause of action. 75 S. W. 1072; 85 *Id.* 893; 74 *Id.* 215.

2. Kirby's Dig., § 8032, does not apply. *Id.* § 8042; 29 Ark. 50.

3. The remedy is in chancery. *Id.* §§ 8062 to 8065.

4. Mrs. Evins was clearly entitled to administer the estate pending the contest. Kirby's Digest, § § 10, 13, 36; 91 Ark. 73.

SMITH, J., (after stating the facts). The first question is the right of administration pending the contest. Section 13 of Kirby's Digest provides that if the validity of any will be contested, letters of administration shall be granted during the time of such contest to some person other than the executor, who shall take charge of the property and administer the same under the direction of the court and account for, pay and deliver all moneys and property of the estate to the executor or regular administrator when qualified to act. It appears from the record that Mrs. Evins consented to the appointment of Turley as administrator, but there is nothing to indicate that she was thereby waiving her claim to have letters testamentary issued to her upon the determination of the contest. In fact, it affirmatively appears that such was not her intention. Prior to the probate of the will, she could not act, and her consent to the appointment of

Turley during the time of her disqualification is not inconsistent with her subsequent demand for the issuance of letters to her. Nor is she required to postpone her demand for letters until the litigation is finally settled. In the case of *Steen* v. *Springfield,* 91 Ark. 75, it was held that section 13 of Kirby's Digest, above quoted, did not require the appointment of a temporary administrator to take the place of the executor during the period of the contest after the will has once been admitted to probate and letters testamentary have been issued to the executor. It was there said, ''The sole design (of section 13) is to provide for a temporary administrator to take charge of and preserve the estate until the will can be admitted to probate and letters testamentary issued to the executor, if qualified. It is merely for the protection of the estate, and not to provide for neutrality towards both contestants and the beneficiaries under the will. * * * The pendency of a contest does not disqualify, even temporarily, the executor named in the will, but the delay in admitting the will to probate prevents his appointment by the court, and may render it necessary that a temporary administrator be appointed. If the will be admitted to probate and the letters testamentary granted, then there is no necessity for the appointment of a temporary administrator under section 13, even though the contest continue or is thereafter instituted.'' The circuit court was therefore not in error in ordering the issuance of letters to Mrs. Evins.

It is urged that Mrs. Horn shows no right to prosecute this contest, and that if there was a lost or destroyed will which gave her any interest in Doctor Stone's estate that she would first have to establish it in the manner pointed out in sections 8062 to 8065 of Kirby's Digest.

The existence of the will of May 4, 1905, is recited in the will of March 5, 1912, and is expressly revoked by it, and, under the terms of the first will, Mrs. Horn is made the residuary legatee, although she was only a sister-in-law of the testator. Under the allegations of the remonstrance, the 1905 will was not revoked because of

the lack of testamentary capacity at the time the 1912 will was made. We think the proceeding adopted by Mrs. Horn was a proper one to raise the question of the validity of this 1912 will and to defeat its probate, if invalid.

Sections 8038, 8039 and 8040 of Kirby's Digest provide for the contest of probate of wills before the probate court and define the practice by which all persons interested in the probate may be summoned to appear. And when any contest has been decided in the probate court and an appeal taken to the circuit court, the decision there given is a bar to any other proceeding to call the probate or rejection of the will in question, subject to the right of appeal or writ of error to the Supreme Court, and subject also to the right of a court of chancery to impeach such final decision for any reason which would give it jurisdiction over any other judgment at law. Kirby's Digest, § 8041. And when a will has been probated, the court's order to that effect is not subject to collateral attack. *Caraway* v. *Moore,* 75 Ark. 146; *St. Joseph's Convent* v. *Garner,* 66 Ark. 623; *Ludlow* v. *Flournoy,* 34 Ark. 451.

The establishment of the will of 1905, whether lost or destroyed, is one question, the probate of the will of 1912 is another. Mrs. Horn, under the allegations of her remonstrance, had the right to resist the probate of the 1912 will, and for that purpose could offer proof of the first will which gave her an interest in the estate which she would not have if the 1912 will was a valid one. *Flowers* v. *Flowers,* 74 Ark. 215.

If by the introduction of this proof the probate of the 1912 will was defeated, then Mrs. Horn could proceed under the provisions of sections 8062 to 8065 of Kirby's Digest to establish the 1905 will as a lost or destroyed will, and, if successful in that attempt, the title to the property devised would vest in the legatees therein named. It would require this proceeding to vest the title to property devised in the 1905 will. But appel-

lant's purpose is not to vest title, but to defeat the probate of the 1912 will. Kirby's Digest, § 8062, is as follows:

"Whenever any will shall be lost, or destroyed by accident or design, the court of chancery shall have the same power to take proof of the execution of such will, and to establish the same, as in the case of lost deeds."

But this provision of the statute for the restoration of lost deeds and wills is not exclusive. The existence of a deed may be proved at a trial, although it has never been reinstated as a lost record. *Carpenter* v. *Jones,* 76 Ark. 163; *Stewart* v. *Scott,* 57 Ark. 153; *Calloway* v. *Cossart,* 45 Ark. 81.

So in this contest the existence of the 1905 will may be proved for the purpose of defeating the probate of the 1912 will. But a proceeding in chancery under the provisions of sections 8062 to 8065 would be necessary to establish the 1905 will as an instrument devising property and vesting title.

The judgment of the circuit court is therefore reversed, and the cause remanded with directions to overrule the demurrer and for further proceedings not inconsistent with this opinion.