SHOPTAW *v.* SEWELL.

4-2539

Opinion delivered May 16, 1932.

*C. C. Wait,* for appellant.

*Hays & Smallwood* and *Robert Bailey,* for appellee.

HART, C. J., Appellant prosecutes this appeal to reverse a decree sustaining a demurrer to his complaint asking that the defendant Sewell be declared a trustee

for the lands described in the complaint and that the deeds from the defendant Sewell to the defendant Bailey be canceled as a cloud upon his title.

The material allegations of the complaint may be stated as follows: Sometime prior to 1918, a partnership composed of R. K. Sewell and three others was organized in the city of Russellville, Arkansas, to deal in general merchandise under the firm name of Sewell-Thompson & Company. In April, 1919, appellant, J. J. Shoptaw, became by purchase a one-fourth owner of said mercantile company. In March, 1920, the partnership purchased the interest of one of the partners, leaving the firm composed of R. K. Sewell, Fred Thompson and J. J. Shoptaw, who continued the business under the firm name of Sewell-Thompson & Company, each owning a one-third interest therein. In April, 1925, Thompson sold his interest to W. A. West, and the business was conducted under the name of Sewell-West & Company. In March, 1928, West sold his one-third interest to T. M. Overman, and the firm became Sewell-Overman Company. In February, 1931, this firm was dissolved by mutual consent, and Sewell and Overman withdrew from it and sold their interest to appellant, Shoptaw.

In April, 1923, Sewell-Thompson & Company recovered judgment in the circuit court against J. M. Hendrix in the sum of $755.57. In September, 1926, execution was issued on the judgment and levied upon certain lands of said Hendrix. In October, 1926, Sewell-West & Company became the purchasers at the execution sale for the amount of the judgment indebtedness. Prior to the date of the aforesaid judgment, Hendrix had mortgaged said lands to Ray Moses. On the 23rd day of October, 1928, Ray Moses, by his attorney, Robert Bailey, brought suit to foreclose said mortgage, and on November 7, 1928, a decree of foreclosure was granted. Before said decree was rendered, Moses transferred his mortgage to Sewell-Overman Company, and judgment was rendered in favor of that firm both for the indebtedness due Ray Moses and for the judgment held by Sewell-

Thompson Company. The lands embraced in the mortgage were sold to satisfy the judgment.

We copy from the complaint the following:

"That said lands were duly advertised for sale according to said decree and at the sale thereof, R. K. Sewell (presumed to be bidding for Sewell-Overman Company), bid and offered for said lands the sum of nine hundred seventy-five and no/100 ($975) dollars, and, he being the highest and best bidder, the lands were struck off and sold to him for that sum, and a commissioner's deed was made to the said R. K. Sewell, said report of sale and approval of deed appearing of record in chancery record "K" at page 296. Date Feb. 25, 1929.

"That the cost of said proceeding in chancery was paid out of funds belonging to Sewell-Overman Company, and the value of the property carried upon the books of the firm as part of the assets of the firm."

In March, 1923, Robert Thomas became indebted to the firm of Sewell-Thompson & Company and executed a mortgage on certain town lots in the city of Russellville to secure his indebtedness. In August, 1927, Sewell-West & Company, successors to Sewell-Thompson & Company, by their attorney, Robert Bailey, brought suit to foreclose said mortgage and obtained a decree of foreclosure on the 27th day of September, 1927. We copy from the record the following:

"That said lands were duly advertised for sale according to the decree in said cause and at the sale thereof, R. K. Sewell (supposed to be bidding for the firm of Sewell-West & Company) bid and offered for said lands the sum of eight hundred twenty three and 09/100 ($823.09) dollars, and he being the highest and best bidder, said lands were struck off and sold to him for that sum, and a commissioner's deed was issued to the said R. K. Sewell, said report of sale and approval of deed now appearing of record in Chancery Record "K" at page 112. Date of deed Dec. 5, 1927.

"That the cost of this proceeding in chancery was paid out of funds belonging to the firm of Sewell-West

& Company, and the value of the property carried on the books of the firm as assets of the firm.''

In the spring of 1930, Sewell borrowed from the bank $600, giving his promissory note therefor with Robert Bailey and H. B. Sewell as security. Said note became due and unpaid, and, to secure said Bailey against loss, R. K. Sewell conveyed to him the two tracts of real estate described in the complaint, the title to which had been taken in his own name as above stated. The deed to the Thomas property was dated May 15, 1930, and recited a consideration of $500, but no consideration passed between the parties. The deed to the Hendrix land was dated December 3, 1930, and recited a consideration of $400, but no consideration passed between the parties. The taking of title to said property in the name of R. K. Sewell and his subsequent sale to Robert Bailey was entirely unknown to appellant until after said deeds from Sewell to Bailey were recorded in December, 1930. The taking of title to said property in the name of R. K. Sewell and his subsequent conveyance to Robert Bailey was a fraud upon the right of appellant as the last successor to the rights and assets of said firm. The prayer of the complaint is that R. K. Sewell be adjudged to have acquired title to said tracts of lands as trustee for said firm, and that his deed to Robert Bailey be declared void and canceled as a cloud upon the title of appellant.

Our Code drew a marked line of distinction between an entire failure to state any cause of action or defense on one side which is to be taken advantage of by demurrer and the statement of a cause of action or defense in an insufficient, uncertain or imperfect manner, which is to be corrected by a motion to render the pleading more definite and certain by amendment. The court has uniformly held that, if the substantial facts which constitute a cause of action are stated in the complaint, or can be inferred by reasonable intendment by the matters which are set forth, although the allegations of these facts are imperfect or indefinite, such insufficiency should be met by a motion to make the averments more certain

and can not be corrected by demurrer. In short, if the facts stated, together with every reasonable inference therefrom, constitute a cause of action, then the demurrer should be overruled. *Ball* v. *Fulton County,* 31 Ark. 379; *Wright* v. *Lake,* 178 Ark. 1184, 13 S. W. (2d) 826; *Kansas City Southern Railway Company* v. *Fort Smith Suburban Railway Company,* 180 Ark. 492, 22 S. W. (2d) 21; and *Holcomb* v. *American Surety Company,* 184 Ark. 449, 42 S. W. (2d) 765. This practice has been uniformly sustained by numerous other decisions of this court.

Applying the principle to the case at bar, we think the learned chancellor erred in sustaining a demurrer to the complaint. It is the duty of partners to observe the utmost good faith towards each other in the partnership business. They stand in a fiduciary relation to each other, and the same rules are to be applied to the conduct of partners towards each other as are ordinarily applicable to that of trustees and agents. All property bought by funds belonging to a firm is *prima facie* the property of the partnership, although the title to it is taken in the name of one of the partners. The reason is that partners are bound to conduct themselves with good faith towards each other, and the partnership property cannot be used for the private gain of one of the partners to the exclusion of the others. *Drummond* v. *Batson,* 162 Ark. 407, 258 S. W. 616; and *Cain* v. *Mitchell,* 179 Ark. 556, 17 S. W. (2d) 282.

While stated in a somewhat imperfect and indefinite manner, it is fairly inferable, when the complaint and the surrounding circumstances are considered together, that it was intended to allege that R. K. Sewell became the purchaser at the commissioner's sale for the benefit of the partnership. It would have been more in accord with good pleading to have alleged directly that he became the purchaser for the partnership. This is inferable, however, from the allegations that the cost of the proceeding in chancery in each case was paid out of the partnership funds, and the value of the property carried

on the books of the firm as a part of the assets. If the land had been purchased by Sewell for his own benefit, the cost of the proceeding should have been deducted from the proceeds of the sale, and the balance would have been carried on the books of the partnership as the money derived from the proceeds of the sale.

It is pointed out that the sale in each case was made prior to the dissolution of the firm, and that several years elapsed before the present suit was instituted. The complaint, however, contains a distinct allegation that these facts were entirely unknown to appellant, and that it did not become known to him until sometime in December, 1930, when the deeds from Sewell to Bailey were filed for record.

It is also insisted that the defendant, Bailey, is an innocent purchaser, and that the deed to him should not be set aside. Here again the cause of action must be tested by the allegations of the complaint and not by what might or might not be proved upon a trial of the case upon the merits. It is alleged that the defendant, Bailey, was the attorney for the partnership in the foreclosure proceedings, and as such must have known all the facts connected therewith. Our court has uniformly held that whatever puts a party on inquiry amounts to notice where the inquiry becomes a duty and would lead to knowledge of the requisite facts by the exercise of due diligence. *Waller* v. *Danby,* 145 Ark. 306, 224 S. W. 615; *Walker-Lucas-Hudson Oil Co.* v. *Hudson,* 168 Ark. 1098, 272 S. W. 836; *Jordan* v. *Bank of Morrilton,* 168 Ark. 117, 269 S. W. 53; and *Richards* v. *Billingslea,* 170 Ark. 1100, 282 S. W. 985.

Besides this, the plaintiff alleges that no money was paid by the defendant Bailey in consideration of the deeds that were executed to him. The complaint alleges that he became a surety for Sewell, and that the deeds were executed to him by Sewell to secure him from loss by reason thereof. Notice at any time before payment was sufficient to defeat the defense of innocent purchaser by Bailey. *Massie* v. *Enyart,* 32 Ark. 251.

The result of our views is that the court erred in sustaining a demurrer to the complaint, and for that error the decree will be reversed, and the cause will be remanded with directions to overrule the demurrer and for further proceedings in accordance with the principles of equity and not inconsistent with this opinion.