Sowell v. Housman.

4-7470                                      183 S. W. 2d 511

Opinion delivered November 20, 1944.

T. A. French, for appellant.

E. G. Ward and Kirsch & Cathey, for appellee.

Robins, J. Carrie Marshall, of Piggott, Arkansas, being unmarried, on May 31, 1938, executed her last will and testament, by which she devised and bequeathed her property to her sister, Lee Ola Sowell (now Housman), the appellee. It is asserted by appellants that Mrs. Marshall subsequently married J. D. Mitchell. She died on April 22, 1943, leaving no children, but leaving surviving her two brothers, J. M. Sowell and George A. Sowell, and Mrs. Alice Dale Sowell Grant, Mrs. Katie Belle Sowell Scogin, Edgar Allen Sowell and Zelma Marie Sowell, who are children of E. A. Sowell, a deceased brother of the testatrix; and these heirs at law of the testatrix are appellants herein.

The said will was offered for probate by Mrs. Lee Sowell Housman on April 29, 1943, and on May 22, 1943, the probate court made an order admitting the will to probate and directing the clerk to issue letters testamentary to appellee, who was named therein as executrix.

On October 23, 1943, appellants filed in the probate court what they denominated as a "Motion to Have Will Declared Revoked and to Vacate Order Granting Letters Testamentary." In this "motion" it was set forth that subsequent to the execution of the will involved herein Mrs. Marshall married J. D. Mitchell and that by reason of this marriage her will was revoked. Notice of the filing of the "motion" was duly given to appellee. Appellants, on January 11, 1944, filed an amendment to their "motion" in which they set up that the filing of the will and securing letters testamentary thereon constituted a fraud on the court and on their rights. Appellee filed a response, pointing out that the term of court at which the order probating the will had been made had lapsed, and that therefore the court had no power to grant the "motion," and further that the attorney representing appellants had represented two other collateral heirs (M. U. Sowell and Sarah Julia Stephens); who had appeared in the proceedings wherein the will had been admitted to probate, and that this attorney "at all times had knowledge of what has been done in this matter." On January 11, 1944, the probate court made an order overruling appellants' "motion"; and to reverse that order this appeal is prosecuted.

By Act No. 401 of the General Assembly of Arkansas, approved March 27, 1941, it is provided: "That in any case where a will has been admitted to probate without notice having previously been given to the heirs of the deceased testator, a contest of the probation or of the legality of such will may be heard by the court probating the same. Any heir of the deceased testator may, within six months after the probation of such will, but not thereafter, file a complaint in said court setting out the grounds upon which the legality of such will is contested, and making defendants to the complaint all heirs and

legatees of the deceased testator not joined as plaintiffs, and causing notice to be served upon all defendants for the time and in the manner required by law for service upon defendants in Chancery Court cases.''

While this statute authorizes a contest of a will, probated without notice to the heirs of the deceased, by way of a proceeding filed within six months after the will is probated, it does not in express terms require that such proceeding be an independent one. By § 14521 of Pope's Digest of the Laws of Arkansas it is provided that marriage of a female works a revocation of a will executed by her before her marriage. Hence, since the ''motion'' recited that the testatrix had married after she executed the will, it contained an averment which, if proved, would establish the revocation of the will—thus alleging a ground which would call for an order setting aside the probating order.

In the case of *Sharp* v. *Drainage District Number 7,* 164 Ark. 306, 261 S. W. 923, Judge HART, speaking for the court, said: ''Contrary to the common law rule, under our Code every reasonable intendment and presumption is to be made in favor of a pleading . . .'' The same rule is laid down in many other opinions of this court. Some recent cases in which this rule has been applied are: *Beene* v. *Hutto,* 192 Ark. 848, 96 S. W. 2d 485; *Arkansas Bond Company* v. *Harton,* 191 Ark. 665, 87 S. W. 2d 52; *Shoptaw* v. *Sewell,* 185 Ark. 812, 49 S. W. 2d 601; *Holcomb* v. *American Surety Company,* 184 Ark. 449, 42 S. W. 2d 765. The lower court should have, under our liberal system of procedure, treated this ''motion'' as a substantial compliance with the terms of the above quoted statute. It is conceded that due notice of the filing of the motion was given to appellee, whose interest alone was adverse to that of appellants. The other heirs could not be prejudiced by a failure to join them, and any defect of parties could have been remedied by an order of court requiring that heirs not joining in the ''motion'' be made parties and have notice of the proceeding.

It appears from the record that two of the heirs appeared and agreed that the will be probated, but this

action would of course not be binding on those heirs of the decedent who had no notice of the proceeding to probate, and who did not appear.

It follows from what has been said that the order of the probate court must be reversed and this cause is remanded with directions to the lower court to try any issue that may be raised by the "motion" and the response or any additional response that may be filed by appellee, and for such further proceedings not inconsistent with this opinion as may be proper. If, as suggested in appellee's brief, an independent proceeding to contest the will, in accordance with the statute above quoted, has been filed, such proceeding and the instant proceedings should be consolidated for trial.