THOMASON *v.* LEDGERWOOD.

4-8084                                        201 S. W. 2d 14

Opinion delivered March 17, 1947.

Rehearing denied May 5, 1947.

*A. T. Davies* and *Scott Wood*, for appellant.

*Earl J. Lane* and *Richard M. Ryan*, for appellee.

GRIFFIN SMITH, Chief Justice. Elizabeth Dennis executed a will September 30, 1938. She died April 9, 1945, and the will was offered for probate the following day. Because the subscribing witnesses (Sidney McMath and Clyde H. Brown) were in military service and could not be reached immediately, the order of probate was not made until July 26, 1945. In the meantime (April 1945) letters of administration were issued Dewell Jackson, who executed bond for $10,000 with U.S.F. & G. as surety.

January 24, 1946, Mary E. Thomason and Mrs. S. B. Caldwell, filed on behalf of themselves and "all other heirs of Elizabeth Dennis" what they termed a complaint. It was alleged that the so-called testatrix was predeceased by her husband, mother, and father; that she died childless, and that the plaintiffs (her sisters) were entitled, with other relatives, to participate in the estate according to laws of descent and distribution. Specifically it was asserted that on two occasions subsequent to September 30, 1938, Elizabeth Dennis had executed separate wills, legally revoking the instrument admitted to probate under the Court's order of July 26, 1945.

Under the will recognized by the Court, Ledgerwood received a farm or plantation consisting of 240 acres in St. Francis County, and was named as residuary legatee. A. T. Davies, one of the attorneys for appellants, was bequeathed sixty shares of "Bethlehem Steel Common." Katherine Jackson (daughter of Dewell Jackson) was named devisee in respect of a residence in Hot Springs; and other dispositions were made.

Act 401, approved March 27, 1941, provides that a will probated without notice to the testator's heirs may be contested within six months, but not thereafter. The statute gives this right to any heir. It requires that a complaint be filed, setting up the grounds upon which legality of the will is to be challenged, ". . . and making defendants to the complaint all heirs and legatees of the deceased testator not joined as plaintiffs, and causing notice to be served upon all defendants for the time and in the manner required by law for service upon defendants in chancery cases."

Appellees contend that inasmuch as heirs and legatees were not made defendants when Mrs. Thomason and Mrs. Caldwell filed their complaint January 24th, the omission could not be cured by amending more than six months after letters had been issued. Appellants insist that Act 297, approved March 20, 1945, became effective June 7, and that its provisions control. But, they say, even if Act 401 is applicable, they must prevail because of this Court's decision in *Sowell* v. *Houseman,* 207 Ark. 929, 183 S. W. 2d 511. The opinion in that case contained the matter shown in the margin.[1]

It will be observed that there is an express finding by the Supreme Court that in the circumstances of the case decided no prejudice could have resulted to anyone.

---

[1] "It is conceded that notice of the motion [to amend the complaint in a material manner] was given to appellee, whose interest alone was adverse to appellants. The other heirs could not be prejudiced by failure to join them, and any defect of parties could have been remedied by an order of the Court requiring the heirs not joined in the motion to be made parties and have notice of the proceeding".

In the case at bar an intervention was filed March 4, 1946, by fifteen persons who declared themselves to be lawful heirs of Elizabeth Dennis, and who approved the action of Mrs. Thomason and Mrs. Caldwell in undertaking to contest the will. On the same day an amendment to the complaint by the original parties alleged that they represented all of the heirs except James Riley Griffith, (brother of the decedent) and that he had declined to join in the suit. In this amendment seven living brothers and sisters were named, and twelve nieces and nephews—sons and daughters of deceased brothers and sisters; a total of nineteen.

Including Ledgerwood and Davies, five devisees and legatees were named in the will. Act 401 provides that "heirs and legatees"[2] must be parties to any suit contesting a will.

If Act 297 of 1945 controls, there is a different procedure. But this Act, by its terms, provides (Sec. 26) that "Sections 1, 2, 3, 13, 15, 16, 17, and 18 [of Act 297] shall apply only to those estates of decedents on which letters testamentary or of administration are granted subsequent to the effective date of this Act."

In the case at bar the Clerk issued letters of administration, and he approved a bond that has not been questioned. In *Steen* v. *Springfield*, 91 Ark. 73, 120 S. W. 408, it was held that Sec. 13 of Kirby's Digest (now Sec. 14 of Pope's Digest) was designed [solely] "to provide for a temporary administrator to take charge of and preserve [an] estate until the will can be admitted to probate and letters testamentary issued to the executor, if qualified." Continuing, the opinion says: [The statutory provision] "is merely for the protection of the estate, and not to provide for neutrality towards both contestants and beneficiaries under the will."

Here, of course, the will could not be admitted to probate because the two attesting witnesses were in foreign military service; and in the meantime those in possession

[2] Presumptively by analogy and construction, devisees would be included in the phrase "legatees".

of the property could have committed waste and dissipated the personalty; hence the necessity for court control. See *Turley* v. *Evans,* 109 Ark. 115, 158 S. W. 1080.

The testimony as to information in possession of the plaintiffs is that Davies, on two occasions, talked with J. R. Griffith, one of Mrs. Dennis' brothers. Mrs. Caldwell and Mrs. Thomason lived in or near Hot Springs. It is inconceivable that some information regarding kinships should not have come into possession of those who instituted the contest; and this is true if it be conceded, as argued, that some of the interested parties were not on good terms. Certainly notice could have been given by publication, "and in the manner required by law for service upon defendants in Chancery Court cases."

The character of proof intended to be offered had the contestants prevailed is this: An attorney, since dead, told someone that he had prepared a will or wills subsequent to that executed by Mrs. Dennis in 1930, and that in consequence of these transactions she revoked the former will. While (presumptively) in his last illness the attorney's deposition was taken.

The Court correctly held that the Act of 1941 was applicable. There was (a) failure to make all heirs, devisees, and legatees parties plaintiff or defendant—a condition precedent to the right of adjudication; (b) that the omission of Griffith as either plaintiff or defendant was with full knowledge of the relationship: brother of Mrs. Chandler and Mrs. Thomason. Substantial compliance with the statute required, at the least, that publication be made as substituted service.

Affirmed.