## Fernández, Demandante y Apelante, v. El Márshal del Distrito de San Juan, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de San Juan, Sección 1ª., en un caso sobre nulidad de subasta judicial y de escritura de venta.

No. 1007.—Resuelto en enero 26, 1914.

Subasta Judicial—Acción de Nulidad de Subasta Judicial Contra un Márshal—Error en la Descripción de la Finca.—No puede ejercitarse con éxito una acción de nulidad de subasta judicial y de escritura de venta contra un márshal de distrito que ha actuado en cumplimiento de una orden de ejecución expedida por tribunal competente, por el hecho de que la finca subastada tenía una cabida mucho menor de la que se le daba en la orden de ejecución, pues al márshal no le incumbe investigar si la finca que ha de subastarse tiene o no la cabida consignada en el mandamiento de ejecución.

Márshals—Responsabilidades en el Cumplimiento de sus Deberes—Ejecución de Mandamientos.—Un márshal de una corte de distrito que actúa de acuerdo con el mandamiento expedido por una corte con jurisdicción, no tiene responsabilidad por razón de los actos que ejecute en el cumplimiento de dicho mandamiento.

Id.—Subasta Judicial—Representación del Márshal en una Escritura de Venta.—Aun en el supuesto de que un márshal de una corte actúe en representación de los demandados en el otorgamiento de una escritura de venta de finca vendida en pública subasta, tal representación cesa al dejar cumplida la orden de ejecución de la sentencia.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Pedro González.*

Abogado del apelado: *Sr. Charles E. Foote, Fiscal.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Los hechos que han dado origen al caso de que se trata son los siguientes:

Seguido pleito ante la Corte de Distrito del Distrito Judicial de San Juan, por Andrés Fernández como demandante, contra Natalia, Antonio, Ana, Matías, y Florentino Escalera Calderón y Nicolasa Calderón Verdejo como demandados, sobre venta de cierta finca poseída en comunidad, recayó sentencia ordenando dicha venta y para su complimiento se expidió orden de ejecución al márshal de dicha corte.

Anunció el márshal la venta en pública subasta de dicha finca, la cual según descripción que de ella se hace, está situada en el lugar denominado ''Machuchal,'' sección norte del barrio de Santurce de esta ciudad, y se compone de 7,000 metros cuadrados de superficie, colindando por el norte con el camino de Loíza, por el oeste con Rafael Ojeda, por el sur con Belén Requena, y por el este con la Sucesión de Agapito Escalera Sidra, estando enclavadas en ella una casa de madera, terrera, techada de zinc, de ocho metros de frente por nueve de fondo, otra pequeña de dos metros cincuenta centímetros de frente, por cuatro de fondo, y un ranchón de maderas techado de zinc, de diez metros de frente por seis de fondo.

La finca en su totalidad fué adjudicada en 30 de octubre de 1912 a Barbarita Fernández Látimer por la suma de $50 que consignó en el acto del remate, y $3,000 más, importe de un crédito hipotecario que sobre ella tenía constituído a su favor, habiéndosele otorgado la correspondiente escritura de venta por el márshal, ante el Notario Eugenio Benítez Castaño, con fecha 22 de noviembre del año 1912. Según mensura y planos hechos a instancia de la compradora por el perito geómetra Armando Morales, bajo los linderos expresados en la descripción de la finca no existía la superficie de 7,000 metros cuadrados, sino únicamente la de 3,505, y la casa de ocho metros de frente por nueve de fondo no estaba enclavada en dicha finca, sino en terrenos pertenecientes a Josefina Puigdollers, según afirmaba su padre Don Antonio.

En virtud de esos hechos, y alegando además Barbarita Fernández, haber sido inducida a error por la descripción que de la finca hizo el márshal en los edictos publicados, dándole una cabida de 7,000 metros cuadrados cuando en realidad sólo constaba de 3,505, y suponiendo en ella la existencia de una casa de maderas ubicada en terrenos pertenecientes a otra persona, error que determinó la aceptación del contrato de venta y de la escritura subsiguiente, y agregando que el márshal actuó en representación de Natalia, Antonio,

Ana, Matías y Florentino Escalara Calderón, y Nicolasa Calderón Verdejo, formuló demanda dicha Barbarita Fernández ante la Corte de Distrito de San Juan, Sección 1ª., en 28 de abril de 1913, contra el márshal de dicha corte, con súplica de que se dictara sentencia declarando nulas el acta de subasta de 30 de octubre de 1912, y la escritura de 22 de noviembre siguiente de que se deja hecho mérito, quedando restablecidas las cosas al ser y estado que tenían antes de celebrarse dichos actos, con imposición de costas, gastos y honorarios de abogado, al márshal demandado en representación de las personas en cuyo nombre actuó, con los demás pronunciamientos oportunos respecto a la restitución de que trata el artículo 1270 del Código Civil vigente.

A esa demanda opuso el márshal demandado, Ramón Martínez Reyes, representado por el Fiscal de esta Corte Suprema, la excepción previa de que los hechos alegados en ella no determinan una causa de acción, cuya excepción fué declarada con lugar por orden de 25 de mayo de 1913.

La parte demandante solicitó fuera reconsiderada la anterior orden, y la corte, declarando sin lugar la moción de reconsideración, dictó sentencia en primero de agosto de 1913, desestimando la demanda con las costas a la parte demandante.   Contra esa sentencia interpuso la representación de Barbarita Fernández Látimer, recurso de apelación para ante esta Corte Suprema.

Como la demanda ha sido interpuesta contra el márshal de la Corte de Distrito de San Juan, solamente nos toca considerar si los hechos consignados en la misma determinan causa de acción contra dicho márshal.

Según la sección 14 de la Ley de 10 de marzo de 1904 creando el cargo de márshal de distrito, "un márshal u otro funcionario administrativo está autorizado para cumplimentar y deberá complimentar toda diligencia y orden conforme a la práctica, y dictada por autoridad competente, independiente de cualquier defecto en las actuaciones que originaron aquéllas." La Corte de Distrito de San Juan tenía autoridad

para expedir la orden de ejecución de que se trata a su már-
shal, y éste por tanto estaba en el deber de cumplimentarla
como lo hizo. A él no le incumbía investigar si la finca que
había de subastarse tenía o nó la cabida consignada en la
orden, y tanto al verificar la subasta como al otorgar la escri-
tura de venta de la finca obraba como funcionario ministerial
de la autoridad judicial creado por la ley, sin que le fuera
dable oponer reparos al cumplimiento de la orden que se
le encomendaba.

Es incontestablemente cierto como principio general, según
dice el ilustrado tratadista Murfree, en su obra On Sheriffs,
sección 101ª., página 67, que un funcionario ministerial que
obra de conformidad con un mandamiento que en su propia
faz es bueno y que ha sido librado por un tribunal o funcionario
con facultades judiciales que tiene al parecer jurisdicción
para expedirlo, está justificado en su complimiento y prote-
gido por el mismo contra toda clase de irregularidades e ile-
galidades excepto las cometidas por él. Véanse las autori-
dades citadas por dicho tratadista.

Ese mismo principio lo encontramos consignado en 35
Cyc., 1737, al afirmar, que es una regla general bien estable-
cida que el mandamiento, sentencia u orden de una corte
proteje completamente al márshal o funcionario contra toda
responsabilidad, por cualquier acto que ejecute para su cum-
plimiento.

En comprobación de tal regla se hacen las siguientes citas:
*Norcross* v. *Nunan,* 61 Cal., 640; *Toby* v. *Reed,* 9 Conn., 216;
*Coombs* v. *Collins,* 6 Ida., 536; *Crusel* v. *Brooks,* 121 La., 243;
*Day* v. *Bach,* 87 N. Y., 56; *Mayer* v. *Duke,* 72 Tex., 445.

No se hace en la demanda alegación alguna relativa a que
el márshal demandado se apartara en lo más mínimo de la
orden de ejecución que le fué expedida o cometiera irregulari-
dad o ilegalidad alguna al darle cumplimiento, y por el con-
trario, la representación de la parte apelante consigna en su
alegato escrito que el márshal no actuó por cuenta propia

sino que obró por ministerio de la ley, y en tales condiciones no tenía interés alguno en ocultar ni en falsear la verdadera cabida de la finca, ni en hacer que aparecieran comprendidas en ella edificaciones que no estaban efectivamente dentro de sus linderos positivos.

Y no cabe alegar que el márshal fué demandado en representación de los dueños de la finca subastada, pues en el supuesto de que así fuera, por más que no aparece de la demanda, y aunque en realidad de verdad los actos de subasta y venta de la finca obligaban a aquéllos, la representación del márshal cesó al dejar cumplida la orden de ejecución que le fué encomendada.

El márshal no ha podido ni puede allanarse a la demanda aceptando la reposición de las cosas al ser y estado que tenían antes de celebrarse la subasta y venta de que se trata, ni por tanto puede ser obligado a ello por sentencia.

Como se ve, tanto con arreglo a nuestra ley local como según la doctrina que dejamos consignada, los hechos alegados en la demanda no determinan causa de acción contra el márshal demandado, y en su consecuencia procede la confirmación de la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.