WRIGHT *v.* HUSBAND.

4-4474

Opinion delivered December 21, 1936.

*Neill Reed* and *Jeff Bratton,* for appellants.

*Holland & Barham* and *Bradley & Sudbury,* for appellees.

MEHAFFY, J.  The appellee, F. L. Husband, filed in the municipal court at Blytheville, an affidavit for a general attachment against C. W. Wright.  He alleged that Wright owed him $158.60, and that he was a non-resident of the State.  Upon the filing of the affidavit the clerk of the municipal court issued not a general, but a special attachment commanding the officer to attach the property of the defendant, C. W. Wright: "one Ford car, model 1935, coach, motor number 18-2069135."  The officer went to the home of William Wright and Mrs. William Wright, the appellants, attached a car in their garage, although they were not parties to the original suit, and, so far as the record shows, had no connection or relation with C. W. Wright, the defendant in the attachment suit.

The appellants thereafter filed this suit in the circuit court praying for damages in the sum of $1,000. Copies of the affidavit and attachment were attached to the complaint in this suit.

The appellees filed motion to dismiss, answers and demurrers. None of the motions were acted on except the special demurrer.  The demurrer was to that part of appellants' complaint which alleges:

"Plaintiffs further state that the defendant, Arch Lindsey, in conversation with the plaintiff, Mrs. William Wright, used rude language and accosted her in such an abrupt way and manner in taking possession of said automobile as to cause her a nervous breakdown and thereby causing her much physical and mental pain and anguish; that the plaintiff, Mrs. William Wright, was already in bad health and in no condition to be treated in the way and manner that she was treated by the defendant, Arch Lindsey, and that she was thereby greatly damaged.

"Plaintiffs state that said automobile was kept away from them and out of their custody for several days

within which time said automobile was badly needed by the plaintiff herein, and that by reason of the wrongful and unlawful taking of said automobile at the instance of and by the procurement of the defendant, F. L. Husband, and in the way and manner of such wrongful and unlawful taking by the defendant, Arch Lindsey, the plaintiffs herein are damaged and are entitled to judgment against the defendants jointly and severally in the sum of $1,000.

"And for reason thereof states: That a nervous breakdown and suffering resulting therefrom, as alleged and caused as alleged, do not constitute recoverable elements of damage at law."

The court sustained this demurrer, and when the demurrer was sustained the court asked appellants' counsel if they desired to go to trial upon the issues as they then remained. This is shown by the judgment of the court in sustaining the demurrer.

The appellants' attorneys stated that in their opinion the sustaining the demurrer did not leave them sufficient issues upon which to go to trial. The complaint was thereupon dismissed and judgment rendered against them for costs. The case is here on appeal.

The only question is whether the complaint stated a cause of action, or whether that part of the complaint to which the demurrer was sustained constituted recoverable elements of damages.

Appellees, in their demurrer, state that a nervous breakdown and suffering resulting therefrom, as alleged, do not constitute recoverable elements of damages.

Pleadings under the code are liberally construed, and every reasonable intendment is indulged in favor of the pleader. The rule is stated in an opinion of this court written by Chief Justice Hart, in *Shoptaw* v. *Sewell*, 185 Ark. 812, 49 S. W. (2d) 601, as follows:

"Our code drew a marked line of distinction between an entire failure to state any cause of action or defense on one side which is to be taken advantage of by demurrer and the statement of a cause of action or defense in an insufficient, uncertain or imperfect manner, which is to

be corrected by a motion to render the pleading more definite and certain by amendment. The court has uniformly held that, if the substantial facts which constitute a cause of action are stated in the complaint, or can be inferred by reasonable intendment by the matters which are set forth, although the allegations of these facts are imperfect or indefinite, such insufficiency should be met by a motion to make the averments more certain and can not be corrected by demurrer. In short, if the facts stated, together with every reasonable inference therefrom, constitute a cause of action, then the demurrer should be overruled." *Ball* v. *Fulton County,* 31 Ark. 379; *Wright* v. *Lake,* 178 Ark. 1184, 13 S. W. (2d) 826; *Kansas City Southern Railway Company* v. *Fort Smith Suburban Ry. Co.,* 180 Ark. 492, 22 S. W. (2d) 21; *Holcomb* v. *American Surety Company,* 184 Ark. 449, 42 S. W. (2d) 765; *Life & Casualty Ins. Co. of Tenn.* v. *Ford,* 172 Ark. 1098, 292 S. W. 389; *Wade* v. *Brocato,* 192 Ark. 826, 95 S. W. (2d) 94.

There are numerous other decisions of this court supporting the rule announced. Under these rules of determining the sufficiency of a complaint, we think the court erred in sustaining the special demurrer. C. W. Wright, the defendant in the attachment suit, is not the Wright that is appellant in this suit, and there is no connection between them shown by the record. The affidavit of Husband showed that C. W. Wright was a non-resident of the State, and the record shows that the officer went to the home of the appellant and took the car after he was told that it belonged to Mrs. Wright, the appellant.

The writ of attachment gave him no right to take anyone's property except the property of the defendant in the attachment suit.

"It is necessary, of course, that the property attached or garnished be that of the defendant in the main action, or that he have some right to or interest in it; otherwise a claim for wrongful or malicious attachment may arise. The right or title of the principal defendant must exist at the time of the levy of the attachment, or the service of the garnishment process." American Jurisprudence, Vol. 4, page 650.

The writ of attachment did not justify the officer in taking the property of any person except the defendant in the attachment suit, and he is liable for injuries growing out of a mistake or growing out of the taking of a third person's property without regard to the innocence of his intent. *Meadow, Ad.,* v. *Wise,* 41 Ark. 285.

According to the pleadings in this case, however, the taking of the property could not have been innocent because the property was taken from persons in no way connected with the original suit, and he was told at the time that it was the property of Mrs. Wright, the appellant. The act, therefore, was not an act of negligence, but it constituted a willful tort.

The rule is well established that there can be no recovery for mental pain and suffering caused by mere negligence where there is no physical injury, but the rule is equally well established that a recovery may be had where the injury is caused by willful or intentional conduct. This suit is not based on negligence, but on the alleged intentional wrongful conduct of appellees. *Erwin* v. *Milligan,* 188 Ark. 658, 67 S. W. (2d) 592; *Rogers* v. *Williard,* 144 Ark. 587, 223 S. W. 15, 11 A. L. R. 1115.

That part of the complaint to which the demurrer was sustained stated a cause of action for willful tort. If there had been a motion to require the appellants to make the complaint more definite and certain, the court would probably have required them to do so; but we think the statements in the complaint are sufficient to show that the act of the officer was willful and intentional, and this constitutes a cause of action for any damages that directly resulted from his wrongful conduct.

The judgment of the circuit court is reversed, and the cause is remanded with directions to overrule the demurrer.