UNIVERSAL CREDIT CO., APPELLANT, *v.* GOSNEY ET AL., APPELLEES.

(No. 607—Decided October 27, 1941.)

*Mr. H. C. Waller,* for appellant.

*Mr. Frank W. Springer,* prosecuting attorney, and *Messrs. Crawford & Kapp,* for appellees.

PHILLIPS, J. By duly recorded assignment from the Ford Motor Company, plaintiff, a Delaware automobile finance corporation, on May 24, 1937, was the owner and holder for value of a so-called "floor plan" mortgage on a 1937 Ford truck, duly executed by Malvern Motor Sales, Inc., to the motor company to secure the sales company's promissory note of November 20, 1936, for $600.

Likewise by duly recorded assignment from Malvern Motor Sales, Inc., the National Guarantee & Finance Company on May 24, 1937, was the owner and holder for value of a mortgage on the same truck executed and delivered to the former by Albert G. Biggins, a presumed purchaser of the truck from Malvern Motor Sales, Inc., to secure his promissory note of January 13, 1937, to it in the amount of $628.74.

On or about the 15th day of May 1937, Universal Credit Company took possession of the Ford truck under the terms of its mortgage, without court action or consent of Malvern Motor Sales, Inc., and stored the truck with E. L. Grate Motor Company in Salem, Ohio.

On May 24, 1937, the National Guarantee & Finance Company filed an affidavit in the Court of Common Pleas of Columbiana county to replevin the truck from Biggins, and, in compliance with a writ issued by the clerk of that court to take possession thereof from Biggins, defendant Gosney, acting as the duly elected, qualified and acting Sheriff of Columbiana county, took the truck out of the possession and from the custody of the E. L. Grate Motor Company, without the latter's consent, and over its protest, by reason of which plaintiff claims the sheriff converted the truck to his own use, in an action in which neither the plaintiff nor the E. L. Grate Company was named as party defendant.

Subsequently plaintiff sued defendant Gosney and his surety and co-defendant, The United States Fidelity & Guaranty Company, for conversion. The case came on for hearing in the trial court before a jury, and at the close of all the evidence both parties moved for a directed verdict. The trial court arrested the case from the consideration of the jury, and in due course entered judgment for the defendants, and dismissed plaintiff's petition. From that judgment plaintiff appeals to this court on questions of law.

"In this state, a writ of replevin issues to enforce the claim of an owner of property, for its delivery to him by one who wrongfully detains it, and for that purpose the property is specifically described, but it confers no authority on the officer to seize property which is not actually or constructively in the possession of the party named in the process. And where the property is taken from the possession of a third person, who is the bona fide owner thereof, the process will not justify the officer, although it be the identical property described therein." *State, for use of Story,* v. *Jennings,* 14 Ohio St., 73.

"The interest of a mortgagee under a chattel mortgage is that of a general owner of the property mortgaged." 7 Ohio Jurisprudence, 339, Section 50. Obviously plaintiff had a sufficient interest in the property converted to support an action for conversion.

From the evidence as set forth in the factual statement of this opinion it is clear that the writ issued by the clerk of the trial court to seize the truck in possession of Biggins conferred no authority on defendant Gosney to seize the truck in the possession of the plaintiff and under the control and custody of the E. L. Grate Company, its bailee, neither of whom was actually named in the writ, and defendant Gosney was not justified in so doing, even though the truck was

the identical property sought to be replevied, and by Gosney's act and in thereafter delivering the truck to the National Guarantee & Finance Company, upon delivery of the bond to him, he was guilty of conversion. See *State, for use of Story,* v. *Jennings, supra.*

"In contemplation of law every infraction of a legal right causes injury * * *. If the infraction is established, the conclusion of damage inevitably follows. * * * the actual injury is to be established by proof as matter of fact." 1 Sutherland Damages. (4 Ed.), 2, Section 2.

Manifestly plaintiff was injured and damaged. The record discloses that the truck was appraised at $600 on the day defendant Gosney took possession of it, which exceeded plaintiff's claimed damage of $540. This it is believed is sufficient evidence of the amount of actual damage sustained by plaintiff, by the conversion, to warrant a finding and judgment for the plaintiff in the latter amount.

It follows from what we have said that the judgment of the trial court must be, and hereby is, reversed, and coming now to render the judgment which the trial court should have rendered this court enters final judgment for plaintiff in the amount of $540, with interest.

*Judgment reversed.*

Carter, P. J., and Nichols, J., concur.