Charles A. Loreto, J.
Motion to dismiss the second amended complaint on the ground that it does not state facts sufficient *5 to constitute a cause of action. The suit is against a judgment creditor, its attorneys and a City Marshal, alleging that the creditor obtained a judgment against one with a name identical to the plaintiff’s and that the defendant, with knowledge of the fact that plaintiff was not the person against whom the judgment was obtained, wrongfully and maliciously attempted to collect the same from him by issuing a garnishee execution upon his employer, to his injury and damage.
On behalf of the judgment creditor it is urged that issuing execution without any direction as to how it is to be employed implies only an authority to do a lawful act pursuant to its command, and that unless it is shown that there was knowledge on the part of the client that it was directed against the wrong-person or that such action was thereafter ratified by the client, the client is not answerable for the wrongful act of either the attorneys or the marshal. There is authority sustaining this position (Bowe v. Wilkins, 105 N. Y. 322; Clark v. Woodruff, 83 N. Y. 518). It is pointed out on behalf of this defendant that in paragraph Sixth of the complaint it is alleged that it correctly identified the debtor at the time it retained its attorneys. Hence it is claimed the authority of its attorneys to act in its behalf was limited and restricted to that debtor. However, it appears that in paragraph Twelfth of the complaint it is further alleged that, later and when the garnishee execution was issued and served upon the plaintiff’s attorney, it was “with the knowledge and consent and participation of the defendant ” (judgment creditor). This allegation, if proved, would in the opinion of the court be sufficient to hold this defendant answerable.
With respect to the defendant City Marshal, it is contended that no tortious conduct on his part is spelled out by the pleadings. In paragraph Fourteenth of the complaint it is alleged that, after the garnishee execution was served upon the plaintiff’s employer and the plaintiff learned of that fact, he immediately notified the said City Marshal that he was not the debtor and that the City Marshal informed him that he would cause the garnishee execution to be removed and cancelled, which he failed to do.
The law imposes upon such an officer the burden of ascertaining that the person against whom he enforces the execution is the true party (Rogers v. Weir, 34 N. Y. 463, 466, 467). He acts at Ms own peril. Innocent mistake will not exculpate him, nor erroneous direction by the judgment creditor or his attorney (Anderson, Treatise on the Law of Sheriffs [vol. 1, § 238; vol. 2, § 638]). If in doubt, he would have the right to secure indem *6 nification from the party seeking to have him act before proceeding to make levy (Rogers v. Weir, supra, p. 467).
Also it is argued that no cause of action is pleaded against the defendant attorneys. There is no merit to this contention, for it is alleged that the attorneys originally répresenting the creditor were the firm of Michaels & Michaels, and .that the defendants named Michaels & Michaels & Wigdor ‘1 are a continuation of and successors in interest to and have assumed all liabilities, including that to the plaintiff.” This allegation is sufficient to make answerable the named firm of attorneys if a wrong is established.
Finally, it is claimed also that injury and damages have not been adequately pleaded. This contention ignores the pleading, for it is alleged that the plaintiff lost time in his employment and earnings as well as seniority rights, and was threatened with discharge from employment. These claims of injury and damage are sufficient to permit the complaint to stand even though other claims of loss and injury, such as mental anguish and sickness, attributable to the tortious act of the defendants may be subject to attack.
The court now only passes upon the pleading and holds that it is sufficient in stating a cause of action against the several defendants. It does not indicate nor presume to indicate that the plaintiff can or will be able to prove the charges made. The motion is therefore denied.