Ethel Bryant WILLIAMS *v.* Hubert H. BROOKS
et al

CA 79-236                                      601 S.W. 2d 592
Court of Appeals of Arkansas
Opinion delivered July 9, 1980

*L. T. Simes, II*, for appellant.

*Dan Kennett*, for appellees.

Ernie E. Wright, Chief Judge. The appellant Mrs. Williams brought suit against Herbert H. Brooks and appellee Sheriff Larry Morris to recover damages and the value of her mobile home which was seized and sold by Sheriff Morris and his deputies acting under his direction pursuant to a writ of attachment Brooks caused to be issued upon a judgment he obtained in an earlier suit against appellant's husband.

All parties moved for a directed verdict. The court granted a directed verdict in favor of Sheriff Morris, but denied the motions of appellant and Brooks for directed verdicts. The issues between appellant and Brooks were submitted to the jury resulting in a hung jury.

Appellant contends the trial court erred in submitting

the case to the jury when appellant and defendants below all asked for directed verdicts.

As there has been no final order or judgment in the case against Brooks no action of the trial court in that phase of the litigation is subject to appeal, and we do not review same. The case remains on the trial docket subject to trial anew. *McConnel & Son et al* v. *Sadle*, 248 Ark. 1182, 455 S.W. 2d 880 (1970).

The issues before us for review are the alleged errors of the trial court in granting a directed verdict in favor of appellee Sheriff Morris, refusal to grant a directed verdict in favor of appellant, and refusal to allow evidence of appellant's attorney fees as an element of damage.

The evidence is undisputed that Sheriff Morris and his deputies levied upon a mobile home owned solely by appellant pursuant to a writ of execution or attachment issued on a judgment in favor of Herbert H. Brooks against appellant's husband, and thereafter removed and sold the property at public auction.

Article 9, § 7 of the Arkansas Constitution protects a wife's separate property from seizure for debts of her husband.

Appellee Morris defended on the ground he was acting pursuant to a writ of attachment and court order issued in another action in which Brooks obtained a judgment against appellant's husband. Appellant was not a party to that proceeding. Documents in the official court file in that case were identified by the clerk and offered and admitted in evidence, but were not incorporated as exhibits in the record brought forward on appeal. There is no indication counsel for Appellee Morris requested leave to substitute copies of the exhibits from the official files of the other case. The record does not disclose the precise contents of the writ of attachment under which the sheriff levied upon appellant's mobile home. However, the evidence is clear appellant was not a party to the case out of which the attachment arose, and that the writ did not command the sheriff to levy upon property

belonging appellant. The evidence shows the sheriff and his deputies were informed the mobile home was not the property of appellant's husband. The evidence also reflects the sheriff required a bond from Brooks to protect himself against possible liability, but the bond was not produced or offered in evidence.

In *Wright* v. *Husband*, 193 Ark. 347, 99 S.W. 2d 583 (1936), the court held that where the sheriff, under a writ of attachment, took property from persons in no way connected with the original suit, after being told the property belonged to a third person, the taking was not innocent, but it constituted a willful tort.

We conclude there was substantial evidence to submit to the jury the issue of the sheriff's liability and damages, and that the court erred in directing a verdict in favor of the sheriff. It is error to direct a verdict where there is any substantial evidence tending to establish an issue in favor of the party against whom the verdict is directed. *Home Mutual Fire Insurance Company* v. *Cartmell*, 245 Ark. 45, 430 S.W. 2d 849 (1968).

As to appellant's contention the court erred in failing to direct a verdict for appellant, which we consider only as to the case against the sheriff for reasons above stated, it may well have been appropriate for the court to direct a verdict in favor of the appellant as to liability on the part of the sheriff and leave it to the jury to determine the amount of the recovery. However, we do not find the rule authorizing such course to be mandatory. It is a matter within the trial court's sound discretion. *Lee Rubber & Tire Corporation* v. *Camfield*, 233 Ark. 543, 345 S.W. 2d 931 (1961).

We find no merit in the assertion the trial court erred in refusing to permit appellant to make proof of her attorney fees as an element of damage, and appellant cites no Arkansas statute or case authorizing recovery of attorney fees in this type action.

Reversed and remanded for retrial as to all parties.

Penix, J., dissents.

Marian F. Penix, Judge, dissenting. The majority is reversing this case because they find the record to be deficient and therefore they cannot determine whether the evidence supports the directed verdict granted Sheriff Larry Morris. While the record in this case is not the best, I find sufficient evidence to support the directed verdict.

The record reflects that the Judgment obtained by Hubert Brooks against Weston Williams as well as the writ of attachment were admitted into evidence as defendant's exhibits during the testimony of Jane Henry, Circuit Clerk for Monroe County. These documents were identified, read and authenticated by Jane Henry and were admitted into evidence *without objection*. During Mrs. Henry's testimony, she read the writ of attachment:

Q. Mrs. Henry, I believe it might be better if you would just read the substance of that petition.

A. This is headed, Petition. Comes Hubert H. Brooks, Plaintiff herein, and said property to be attached in his cause considered of a mobile home but the expense of clearing the same would be expected and would be to the best interests of all the parties herein to sell same and have the proceeds deposited in the register of this court and he so prays. The next, is an Order, which was —

Q. Read that, too.

A. filed in my office on the 27th of February, 1978. It is headed Order. On this 24th day of February, 1978, comes to be heard petition of Hubert H. Brooks, plaintiff herein, for sale of following property in the possession of Larry Morris, the Sheriff of Monroe County under levy and writ of attachment in this suit, a mobile home, and from other proof and matters and things before the Court, this Court doth find the cost of caring for it would be excepted and not warranted and that it would be to the best interests of the parties to this suit to

sell the same. It is therefore by the court ordered that the property above described be sold by the sheriff of said county at public outcry to the highest bidder for cash and make a due report of such sale to this Court, Signed by Circuit Judge W. N. Lee.

No objection was made to this testimony which states the writ of attachment was issued for a specific piece of property. Furthermore, Sheriff Larry Morris testified the writ of attachment was issued for a specific piece of property, namely the mobile home. This evidence is undisputed.

The evidence presented at trial revealed Sheriff Morris was issued a writ of attachment directing him to seize the mobile home. The writ was specific in the item of property to be seized to satisfy the judgment. No evidence was given which would indicate the writ was in any way improperly issued. Sheriff Morris had no choice but to execute on the property. The burden is not on the sheriff to determine the validity of an execution order. In fact, the sheriff faces liability if he does not execute on the property. Ark. Stat. Ann. § 30-1001 provides:

Liability of officer for whole amount of execution — Indorsement of time of return. — If any officer, to whom an execution shall be delivered, shall neglect or refuse to execute or levy the same according to law, . . . each officer shall be liable and bound to pay the whole amount of money in such execution specified, or thereon indorsed, and directed to be levied; . . .

The Supreme Court, in interpreting this statute, stated:

A sheriff has no discretion in carrying out an execution ordered by a court of competent jurisdiction toward the satisfaction of a valid judgment. Indeed, a sheriff is subject to severe penalties if he fails to do so. In addition to other statutory penalties, a sheriff is liable for the whole amount of the execution if he fails or refused to levy it. *Saxon* v. *Purma*, 256 Ark. 461, 508 S.W. 2d 331 (1974).

I would affirm the granting of the directed verdict for Sheriff Morris. While I have no quarrel with the law expressed in the majority opinion which discusses a married woman's property rights and her lack of liability for her husband's debts, that is not the issue before us. It simply has no relevance with regard to the liability of Sheriff Larry Morris. Therefore, I respectfully dissent.